IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

RYECO, LLC,

        Plaintiff

vs.                                         Case No. _____

EDIBLE HARVEST FARMS CORP.
and ELVIS OBREGON, individually,

        Defendants
_____/

**COMPLAINT**
**(To Enforce Payment From Produce Trust)**

Plaintiff, Ryeco, LLC ("Ryeco"), for its complaint against Defendants, Edible Harvest Farms Corp., and Elvis Obregon, individually, alleges:

JURISDICTION AND VENUE

1. Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §§499e(b) and 499e(c)(5) (hereafter "the PACA") and 28 U.S.C. §1331.

2. Venue in this District is based on 28 U.S.C. §1391 in that (a) Plaintiff's claims arose in this District and (b) Defendants reside in this District.

PARTIES

3. Plaintiff, Ryeco, a Pennsylvania limited liability company with a principal place of business in Philadelphia, Pennsylvania, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce or contemplation thereof and was at all times pertinent herein a dealer subject to and licensed under the provisions of the PACA as a dealer.

1

4.  a.  Defendant, Edible Harvest Farms Corp. ("Edible Harvest"), a Florida corporation with its principal place of business in Plantation, Florida, is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce or contemplation thereof, and was at all times pertinent herein, a dealer licensed or subject to license under the provisions of the PACA.  Upon information and belief, Edible Harvest was PACA licensed until May 2025 when it let its license lapse, but continued to operate subject to PACA.

b.  Defendant, Elvis Obregon ("Obregon"), is and was an owner, officer, and/or director of Edible Harvest who, upon information and belief, controlled the day-to-day operations of Edible Harvest and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

5.  This action is brought to obtain declaratory relief and to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

6.  On or about June 30, 2025, Plaintiff sold and delivered to Defendants one load of perishable agricultural commodities ("produce"), specifically blueberries, having an aggregate value of $20,160.00, which had been shipped or moved in interstate commerce or contemplation thereof, all of which remains unpaid.

7.  Defendants accepted the goods and produce from Plaintiff.

8.  At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to ensure payment to produce suppliers.  The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

9. Plaintiff preserved its interest in the PACA trust in the amount of $20,160.00 by sending an invoice to Defendants containing the statutory language required to preserve trust benefits pursuant to 7 U.S.C. §499e(c)(4) and remains a beneficiary until full payment is made for the produce.

10. Plaintiff remains a beneficiary of the PACA Trust until full payment is made for the produce.

11. Edible Harvest is a trustee of the PACA trust it is required to hold for the benefit of Plaintiff.

12. Defendant Obregon owes fiduciary duties and obligations to Plaintiff by virtue of his role at Edible Harvest and exercise of control over the assets and operations of Edible Harvest.

13. Pursuant to PACA, Defendants are required to maintain the PACA Trust so that the assets are freely available to pay their produce suppliers and to make full payment promptly.

14. Defendants have not disputed the debt owed to Plaintiff in any way. However, despite demand for and promises of payment, Defendants have failed to pay Plaintiff any portion of the principal amount of $20,160.00 due and owing for the produce purchased prior to the filing of this lawsuit.

15. Defendants' repeated failure and apparent inability to pay Plaintiff for the produce transactions demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

## COUNT ONE
### (Injunctive Relief – All Defendants)

16. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 15 above as if fully set forth herein.

17.     Defendants' failure to make payment to Plaintiff of trust funds in the aggregate amount of $20,160.00 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

18.     Pursuant to PACA and the prevailing cases, Plaintiff is entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties.

WHEREFORE, Plaintiff demands preliminary and permanent injunctions enjoining and restraining Defendants and their agents from further dissipating trust assets belonging to Plaintiff and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties, and such other and further relief as the Court deems necessary and appropriate.

## COUNT TWO
(Failure to Pay Trust Funds – All Defendants)

19.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 15 above as if fully set forth herein.

20.     The failure of Defendants to make payment to Plaintiff of trust funds in the principal amount of $20,160.00 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

WHEREFORE, Plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $20,160.00 to Plaintiff, and such other and further relief as the Court deems necessary and appropriate.

## COUNT THREE
(Failure to Pay for Goods Sold – Edible Harvest)

21.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 15 above

as if fully set forth herein.

22. Defendant Edible Harvest has failed and refused to pay Plaintiff the principal sum of $20,160.00 owed to Plaintiff for produce received by Defendant from Plaintiff.

WHEREFORE, Plaintiff requests judgment in the principal amount of $20,160.00 in favor of Plaintiff and against Defendant Edible Harvest, and such other and further relief as the Court deems necessary and appropriate.

## COUNT FOUR
(Failure to Make Prompt Payment – Edible Harvest)

23. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 15 above as if fully set forth herein.

24. Defendant Edible Harvest received the shipment of produce on which this action is based.

25. Defendant Edible Harvest is required to promptly tender to Plaintiff full payment for the produce received in that shipment pursuant to PACA.

26. Defendant Edible Harvest failed to pay for the produce supplied by Plaintiff within the payment terms specified by 7 C.F.R. § 46.2(aa).

27. As a direct and proximate result of Defendant Edible Harvest's failure to pay promptly, Plaintiff has incurred damages in the principal amount of $20,160.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

WHEREFORE, Plaintiff requests an order enforcing the PACA's prompt payment requirements by requiring immediate payment of the principal sum of $20,160.00, plus interest, costs and attorney's fees, and such other and further relief as the Court deems necessary and appropriate.

## COUNT FIVE
(Unlawful Dissipation of Trust Assets by
a Corporate Official – Elvis Obregon)

28. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 15 above as if fully set forth herein.

29. Defendant Obregon is and was an owner, officer, manager, and/or director of Edible Harvest who operated Edible Harvest during the period of time in question or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

30. Defendant Obregon failed to direct Edible Harvest to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

31. Defendant Obregon knew or should have known that Edible Harvest was in breach of the PACA trust.

32. Defendant Obregon's failure to direct Edible Harvest to maintain PACA trust assets and pay Plaintiff for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

33. Defendant Obregon participated in the breach of the PACA trust by Edible Harvest.

34. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff requests judgment against Defendant Elvis Obregon in the principal amount of $20,160.00, and such other and further relief as the Court deems necessary and appropriate.

## COUNT SIX
(Interest and Attorneys' Fees)

35. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 15 above

as if fully set forth herein.

36. PACA and Plaintiff's invoice entitles Plaintiff to recover interest and attorney's fees in the event that Defendants violate their obligation under PACA and the invoices by failing to pay for the produce.

37. As a result of Defendants' failure to make full payment promptly for the produce sold and delivered to Defendants, Plaintiff has lost the use of said money.

38. As a result of Defendants' continued failure to make payment for the produce sold and delivered to Defendants by Plaintiff, Plaintiff has been required to pay attorney's fees and costs in order to bring this action to require Defendants to comply with their statutory duties under PACA and the invoice.

39. Defendants' continued failure to make full payment promptly for the produce sold and delivered to Defendants, entitles Plaintiff to recover interest and attorney's fees in enforcing the PACA trust and the invoice.

WHEREFORE, Plaintiff requests judgment against each of the Defendants, jointly and severally, for pre-judgment interest, costs, and attorney's fees.

Dated this 2nd day of September, 2025.

>                              FURR AND COHEN, P.A.
>                              Attorney for Plaintiff
>                              2255 Glades Road, Suite 419A
>                              Boca Raton, FL 33431
>                              (561) 395-0500/(561)338-7532-fax
>
>
>                              By /s/ Marc P. Barmat
>                                 MARC P. BARMAT
>                                 Florida Bar No. 0022365
>                                 email: mbarmat@furrcohen.com